IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nancy L. Petitti, ) | |
| ) | No. 16 C 10423 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| U.S. Equal Employment Opportunity ) | |
| Commission, et al. ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Nancy Petitti, brings this action for damages under 28 U.S.C. § 1331 and under the Administrative Procedures Act, 5 U.S.C. 706(1) against the United States Equal Employment Opportunity Commission and its members and against the United States Postal Service. Petitti prevailed in her administrative action for discrimination against her employer, the Postal Service, but the Postal Service did not agree to pay the amount in attorney's fees for which she petitioned. Petitti appealed to the EEOC on the issue of attorney's fees and the EEOC has still not rendered a final decision on the issue. Now, Petitti requests the Court to review this sole issue of the amount of attorney's fees or, in the alternative, to compel the EEOC to act. Defendants move to dismiss [18] on the basis that Petitti is precluded from requesting a remedy under the APA when Title VII provides the exclusive and preemptive remedy to her claim. For the following reasons, Defendants' motion is granted.

**BACKGROUND**

The Court accepts as true all well-pleaded allegations in the Complaint and draws all reasonable inferences in the non-movant's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

1

(2009); *Killingsworth v. HSBC Bank,* 507 F.3d 614, 618 (7th Cir. 2007); *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

On August 16, 2011, Petitti commenced a *pro se* administrative action against her employer for discrimination and denial of reasonable accommodation for her disability. (Dkt. 1 ¶ 6.) After three years of discovery and two complex summary judgment motions, the parties participated in a three day trial before an EEOC Administrative Judge in September 2014. (Dkt. 1 ¶¶ 7–8.) The Administrative Judge held that the Postal Service violated the Rehabilitation Act, 29 U.S.C. § 1201, et. seq., and awarded Pettiti compensatory damages of $15,000 and ordered systemic remedies including instructing the postmaster to institute EEO training of management and supervisors on the requirements imposed by the ADA. (Dkt. 1 ¶ 8.)

The judge also awarded Petitti reasonable attorney's fees. (Dkt. 1 ¶ 9.) The judge ordered the Postal Service to act upon a Fee Petition, filed by Petitti, and thereafter subject to appeal to the EEOC's full Commission. (Dkt. 1 ¶ 9.) On March 6, 2015, Petitti submitted her Fee Petition reporting 751.25 hours at trial counsel's normal billing rate of $490.00 per hour and co-counsel at $240.00 per hour; the fees amounted to $367,362.50. On April 3, 2015, the Postal Service issued a determination agreeing to only 20% of the foregoing fees incurred, and paying Plaintiff's attorneys $73,242.45. (Dkt. 1 ¶ 11.) Petitti appealed the refusal to remit the entire amount of fees petitioned and both parties submitted briefs to the EEOC on the appeal; briefing was completed in July 2015. (Dkt. 1 ¶ 12.) On August 22, 2016, when after fourteen months there had been no movement from the EEOC, Petitti filed a Motion with the EEOC to expedite a decision. (Dkt. 1 ¶ 13.) To date, a little less than two years after the parties completed briefing, the EEOC has not issued a decision. (Dkt. 1 ¶ 14.)

Petitti brings her Complaint under the Administrative Procedures Act, asking the Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); (Dkt. 1 ¶ 4.) She alleges that the remedy provided under the review procedure of the Rehabilitation Act is inadequate because it would involve a de novo trial of the merits of her original discrimination claims in a U.S. district court. (Dkt. 1 ¶ 15.) Petitti further seeks redress because the EEOC's delay causes an irreparable injury by discouraging Petitti and other employees from vindicating their statutory rights and ability to retain attorneys. (Dkt. 1 ¶ 16.) She asks the Court to provide relief in four specific ways: (1) to make a de novo determination of reasonable attorneys' fees; (2) enter a monetary judgment against the Postal Service for Petitti's attorney's fees; (3) in the alternative, order the EEOC to timely by a date certain, enter a decision and final award of attorney's fees; (4) pursuant to 28 U.S.C. §2412(d)(1)(A), award to Petitti's attorneys additional attorney's fees in bringing and prosecuting the current action.

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by sovereign immunity because another federal statute provides the exclusive remedy. Additionally, Defendants contend the Complaint fails because Petitti does not allege a final agency action that is reviewable under the APA. (Dkt. 19 at 4.)

### **LEGAL STANDARD**

To survive a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff must include "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v.*

*Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Lang v. TCF Nat'l Bank*, 249 F.App'x. 464, 466 (7th Cir. 2007)). The Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quotation omitted).

## DISCUSSION

Petitti's Complaint fails for two reasons. First, sovereign immunity bars judicial review of her action because Title VII provides an adequate remedy precluding the action she seeks under the APA. Second, there is no final, reviewable agency decision at issue.

**I.   Sovereign Immunity**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Michigan v. U.S. Army Corps. of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).). Although "a person suffering legal wrong because of agency action," is entitled to judicial review thereof, nothing in the APA "confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.[1] Title VII limits judicial review of EEOC actions and the procedures therein are "the exclusive remedy for a claim that a federal agency discriminated against a handicapped employee." *McGuiness v. United States Postal Service*, 744 F.2d 1318, 1322 (7th Cir. 1984). "[A]ny effort to avoid [the Rehabilitation Act] by challenging the same conduct under another provision of law must fail because it would 'allow [Congress's] careful and thorough remedial scheme to be circumvented by artful pleading.'" *Id.* (quoting *Brown v. General Services Admin.*, 425 U.S. 820, 833 (1976)) (emphasis added).

---

[1] Section 702 creates subject-matter jurisdiction for claims under the APA. While other circuits treat sovereign immunity as a jurisdictional issue, here, "if there are no standards for judicial review, then the court dismisses the suit on the merits because plaintiff can't show that the agency's action was unlawful." *Builders Bank v. FDIC*, 846 F.3d 272, 274 (7th Cir. 2017).

Petitti argues that Defendants waive sovereign immunity because the APA provides judicial review for agency actions "for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. But Petitti fails to demonstrate that the remedy under Title VII is inadequate. Under Title VII, employees may bring their discrimination claims to federal court on two occasions: to enforce an agency action, 42 U.S.C. § 2000e-5(g), or challenge one, 42 U.S.C. § 2000e-16(c). Here, Petitti challenges the agency's action (or, rather, inaction), (Dkt. 1 ¶ 4), and so Title VII entitles her to a trial de novo on her discrimination claim. *Stewart v. EEOC*, 611 F.2d 679, 682-84 (7th Cir. 1979).

Petitti asserts that this remedy is inadequate because she already prevailed on the issue of liability and should not have to relitigate the merits of her discrimination claim when she only seeks to address the issue of attorney's fees. But she provides no support for her argument that a fragmentary review of the damages issue is appropriate. While this Circuit has not provided guidance on whether a district court may confine its review of an EEOC decision to damages without reviewing the merits of the discrimination claim, other courts have weighed in and held that Title VII requires courts to review the whole claim. *See e.g., Timmons v. White,* 314 F.3d 1229, 1233 (10th Cir. 2003) ("[W]e believe that the better-reasoned cases hold that a plaintiff seeking relief under § 2000e–16(c) is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on the issues resolved in his or her favor."); *see also Herron v. Veneman*, 305 F. Supp. 2d 64, 76 (D.D.C. 2004) (collecting cases).

Further, decisions that Petitti cites to arising in the enforcement context are not persuasive. In her Response brief, Petitti primarily[2] relies on *Houseton v. Nimmo*, 670 F.2d 1375

---

[2] Petitti also cites to other non-persuasive and factually distinguishable cases from the Eighth and Fifth Circuits as well as the Northern District of Georgia, the most recent of which was decided in 1987. (Dkt. 20 at 7.)

(9th Cir. 1982). But in *Houseton*, the Ninth Circuit did not discuss the adequacy of Title VII's remedies nor hold that an employee can relitigate her administrative remedies without a full trial on liability. Instead, the court was simply asked to uphold what the employer was already obligated to do under the terms of a final administrative order. These enforcement actions, therefore, do not support her claim. (*See also* Dkt. 20 at 7 (citing *Carver v. Holder*, 606 F.3d 690, 692 (9th Cir. 2010) (employee filed enforcement action against the EEOC); *Ellis v. England*, 432 F.3d 1321, 1323 (11th Cir. 2005) (same).)

The Court is sympathetic to Petitti's position—it is understandable that she does not want de novo review on a claim that she has already prevailed on. But she brought a case challenging the EEOC's action (or rather, inaction), and the Court is limited to the remedy provided in Title VII. The fact that she is precluded from obtaining *de novo* review of her attorney's fee petition does not mean that she lacks an adequate remedy.

## II. Reviewable Final Agency Action

Even if her claim was not barred by sovereign immunity, Petitti fails to state a claim under the APA for an additional reason: "APA review normally is limited to final agency actions." *Builders Bank v. FDIC*, 846 F.3d 272, 275 (7th Cir. 2017) (internal citation omitted.) "The core question is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties." *Home Builders Ass'n of Greater Chicago v. U.S. Army Corps of Eng'rs*, 335 F.3d 607, 614 (7th Cir. 2003) (quoting *Western Ill. Home Health Care v. Herman*, 150 F.3d 659, 662 (7th Cir.1998)).

Petitti asserts that the EEOC's delay constitutes a final agency action. Once again, Petitti relies on *Houseton* and other non-precedential cases to support this position. But in *Houseton*, the employer requested the Civil Service Commission Review Board, the EEOC's predecessor,

6

to reconsider its favorable ruling after the plaintiff had already filed her enforcement suit in federal court. 670 F.2d at 1376. Due to the reconsideration motion, the federal suit was stayed for 16 months pending the Board's ruling. *Id*. During the delay, the plaintiff did not receive any of the remedies ordered by the Board, which included on-the-job training. *Id*. at 1378. The district court eventually issued an order to show cause and held that the Board's delay was equivalent to a dismissal of the employer's request for reconsideration. *Id*. at 1377-78. This dismissal of the employer's request made the Board's ruling a "final agency action" that could be enforced in federal court pursuant to Title VII. *Id*. at 1378. Petitti's claim is less simple. There is no similar final decision disturbed only by a motion for reconsideration. Instead, the appropriate amount owed under the fee petition has never been decided. Petitti nevertheless asks the Court to transform the absence of such a decision into a final, reviewable decision. But she has no legal support, precedential or otherwise, for this position.

Nor does Section 706(1) allow the Court to compel the EEOC to act. Section 706(1) provides that a court presented with a claim under the APA may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Yet, an agency's failure to act must be "egregious" to give rise to an APA claim. *Home Builders Ass'n of Greater Chicago*, 355 F.3d at 616. In many of the cases Petitti relies on, the EEOC's delays caused irreparable harm to the employees. In *Houseton*, the plaintiff was not receiving the training the Board ordered her employer to provide. 670 F.2d at 1378. In *EEOC v. Moore Group, Inc.*, there was a four year delay between the filing of the initial charge of discrimination and the federal lawsuit and there was clear prejudice due to this lapse in time, including destroyed employee time cards and witnesses who could no longer be located. 416 F. Supp. 1002, 1005 (N.D. GA 1976). Here, Petitti merely asserts that she, along with other employees, will be less likely to find attorneys to

assert their rights under the ADA. The reality is that Plaintiff has received her award of compensatory damages of $15,000 and all of the equitable relief set forth in the award and itemized by the ALJ. Her attorneys have received in excess of $73,000 in fees for the work that they have done in representing her. She has prevailed on the issue of liability. Therefore, there is no pending threat of withdrawal by these attorneys that could in anyway undermine her success in front of the Administrative Law Judge; nor does the award of compensatory and equitable relief along, with an award of fees four times greater than the award of damages, send the message to others that such claims are not worthwhile. There is simply no irreparable harm requiring the Court to intervene while the Board is considering a final decision on the remainder of the fee petition.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [18] is granted and Plaintiff's Complaint is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 5/8/2017